UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| WRONTI GANO RUCKER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:15CV199 SNLJ |
| UNKNOWN CARROW, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this suit against officials at the Ste. Genevieve County Jail for alleged deliberate indifference to his serious medical needs. Plaintiff alleges that on April 27, 2014, defendant Carrow opened the door to the cell block to let in two inmates. The two inmates were plaintiff's co-defendants in a criminal action, and they accused plaintiff of "ratting them out." Plaintiff says his two co-defendants attacked him and that he defended himself. Carrow called the incident in and correctional officers broke up the fight. Plaintiff's co-defendants were charged with assault as a result of the incident.

Plaintiff claims that he experienced pain in his right chest after the incident. He asked for medical attention, but an officer told him that there were no medical personnel on duty. Plaintiff asked defendant Ruessler to send him to the emergency room, but Ruessler denied his request.

On April 29, 2014, defendant Nurse Odem examined plaintiff and told him she thought he had a cracked rib. Odem referred him to the doctor. Five days later, defendant Dr. Patel examined plaintiff and opined that plaintiff did not have a cracked rib. Patel prescribed anti-inflammatory medicine. After two days of treatment, plaintiff felt relief. Plaintiff says he later learned that he did have a cracked rib.

Plaintiff says that defendants Karol and Stolzer denied his grievances.

Plaintiff brought these same allegations in a negligence action in state court. *Rucker v. Ste. Genevieve County Detention Ctr.*, No. 14SGCC00254 (Ste. Genevieve County). The court dismissed the action for failure to state a claim upon which relief can be granted.

## Discussion

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Vaughn v. Greene County*, 438 F.3d 845, 850

(8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Eighth Amendment); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995) (same). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Vaughn*, 438 F.3d at 850.

Plaintiff has shown neither that he suffered an objectively serious need nor that defendants deliberately disregarded that need. Plaintiff suffered right side chest pain following an altercation with two other prisoners. He does not allege that he had any other outward signs of injury or other symptoms. Although the correctional officers refused his request to go to the emergency room, it was not reckless of them to deny his request based on his alleged signs of injury. And plaintiff's symptoms were relieved with standard anti-inflammatory drugs, which further demonstrates the lack of seriousness. Therefore, the Court finds that plaintiff's Fourteenth Amendment allegations fail to state a claim upon which relief can be granted.

Plaintiff's claim that Karol and Stolzer denied his grievances does not state a plausible claim under § 1983. *See George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

For these reasons, this action is dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 24th day of November, 2015.

_/s/ Stephen N. Limbaugh, Jr._
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE